**Effie C. SULLIVAN, Appellant,**

v.

**Libby WHITMIRE, Appellee.**

**No. C2894.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1982.

David E. Lueders, Houston, for appellant.

Albert Lee Giddens, Pasadena, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a judgment entered by the trial court which awarded appellee $6,100 damages without allowing an offset under Tex.Rev.Civ.Stat.Ann. Art. 3737g § 1 (Vernon Sup. 1980) for a $5,000 payment made by defendant's insurance company prior to the trial of the lawsuit. We affirm the judgment of the trial court.

This suit arose when a vehicle owned by appellant crashed into a building owned by appellee. Appellee's son, Patrick Joseph McMurough was living in the building at the time of the accident and had a policy of insurance on the premises with Horace Mann Mutual Insurance Company (Horace Mann). Pursuant to the provisions of the insurance policy, said insurance company issued a check for $8,224.80 made payable to Mr. McMurough, Texas Commerce Bank (which held the mortgage on the house), Libby Whitmire and attorney Albert Lee

Giddens. Horace Mann then filed some nature of claim against appellant and appellant's insurance company, State Farm Insurance, paid $5,000 in settlement of that claim. This sum paid was in the amount of the policy limits of appellant's property damage coverage under her automobile liability policy.

Shortly thereafter, Libby Whitmire brought suit against Effie Sullivan in order to recover for the damages to her house and its premises and contents, and resulting loss of rental income. The testimony of Libby Whitmire shows that she received none of the $8,224.80 directly, but that her mortgage company through the bank received "... maybe $3,500 or something like that or $3,800" of such funds. The details of the transactions resulting from the payment by Horace Mann were not put in the record by appellant. The parties stipulated at the trial that Effie Sullivan was negligent in colliding with the building and that such negligence was the proximate cause of the damage to the property. This stipulation left only the issue of damages, which the jury found to be $4,300 house repair, $450 loss of rental income and $1,350 damage to personal property.

Prior to entry of the judgment by the trial court, appellant had tendered a trial amendment setting forth the facts and showing that the $5,000 payment had been made to Horace Mann on behalf of appellant. Appellant asked the trial court to reduce the dollar amount of the judgment in accordance with the $5,000 already paid. However, the court refused, and a judgment was entered against appellant for the total verdict of $6,100 plus interest at 9%.

Appellant has come before this court with a single ground of error. Appellant contends that the trial court erred when it refused to reduce the judgment by the $5,000 paid to Horace Mann by her insurer. According to appellant, the payment made to Horace Mann was an advance payment under Tex.Rev.Civ.Stat.Ann. Art. 3737g (Vernon Supp. 1982) which provides:

Section 1. The purpose of this Act is to promote the making of advance payments for economic loss to claimants without permitting the introduction of evidence of advance payments on the issue of liability or damages during subsequent litigation, but permitting the allowance of advance payments as a credit against any sum judicially established as a claimant's total damages. The making of periodic payments to claimants for medical expenses, wages lost, and property damaged, often without taking any form of release, will avoid delays in and promote payments for economic loss to persons in need.

The term "advance payment" is defined in Section 2 of Art. 3737g which states:

Section 2. In this Act, "advance payment" includes but is not limited to, any partial payment or payments made by any person, corporation, or insurer to another which is predicated on possible tort liability for medical, surgical, hospital, or rehabilitation services, facilities or equipment; loss of earnings; out-of-pocket expenses; bodily injury; death; or property damage, loss or destruction.

\*     \*     \*     \*     \*     \*

Section 4.... If an action results in a jury verdict or decision of the court for damages in favor of a party, the party against whom the verdict or decision is entered may introduce evidence of advance payments after the verdict or decision and before final judgment, and the court shall then reduce the amount awarded to the claimant by the amount of the advance payment proved to have been made prior to trial. Such advance payments shall not be permitted as a reduction of the amount awarded unless there is evidence at the trial on liability that the party to whom the advance payments were made suffered loss as described in Section 2 herein, equal to or exceeding the amount of such advance payments.

The statement implicitly relates to advance payments made to the claimant in the litigation or one in privity with such claimant by assignment, subrogation or some such relationship by which the payee succeeded

to the rights to the claim or part thereof. We hold that the $5,000 paid to Horace Mann by State Farm does not qualify as an "advance payment" under Art. 3737g. The payment in this case was not shown to have been made to Mrs. Whitmire as an advance payment on an expected future judgment, but was paid to Horace Mann allegedly as, but not shown to have been, a partial settlement of a subrogation claim. Mrs. Whitmire was not shown to have been insured by Horace Mann and there is no evidence in the record of any type of subrogation agreement between Mrs. Whitmire and Horace Mann. The payment made to Horace Mann (who was not Mrs. Whitmire's insurance company or shown to have been her assignee or subrogee) cannot be considered as an offset in the entirely separate lawsuit between Mrs. Whitmire and Mrs. Sullivan.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.